| | |
|---|---|
| 1 | AMELIA ANN ALBANO (SBN 103640)<br>City Attorney of Burbank (aalbano@ci.burbank.ca.us) |
| 2 | CAROL A. HUMISTON (SBN 115592) (chumiston@ci.burbank.ca.us)<br>CITY OF BURBANK |
| 3 | 275 East Olive Avenue - P.O. Box 6459<br>Burbank, California 91510 |
| 4 | T:  (818) 238-5707 — F:  (818) 238-5724 |
| 5 | LAWRENCE A. MICHAELS (SBN 107260)(lam@msk.com)<br>MITCHELL SILBERBERG & KNUPP LLP |
| 6 | 11377 West Olympic Boulevard<br>Los Angeles, California 90064 |
| 7 | T:  (310) 312-2000 — F:  (310) 312-3100 |
| 8 | RICHARD R. TERZIAN (SBN 30300)(rterzian@bwslaw.com)<br>BURKE, WILLIAMS & SORENSEN, LLP |
| 9 | 444 South Flower Street, Suite 2400<br>Los Angeles, California 90071 |
| 10 | T:  (213) 236.0600 — F:  (213) 236-2700 |
| 11 | Attorneys for Defendants<br>CITY OF BURBANK |
| 12 | |
| 13 | BROWN WHITE & NEWHOUSE LLP<br>THOMAS M. BROWN (SBN 117449)(tbrown@brownwhitelaw.com) |
| 14 | 333 South Hope Street, 40th Floor<br>Los Angeles, California 90071 |
| | T:  (213) 613.0500 — F:  (213) 613-0550 |
| 15 | |
| 16 | Attorneys for Plaintiff<br>OMAR RODRIGUEZ |

NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF BURBANK, TIM STEHR, SCOTT LACHASSE, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.  CV 11-03045 GW (RZx)<br><br>Judge:       Hon. George H. Wu<br>Location:   Courtroom 10<br><br>[~~PROPOSED~~] PROTECTIVE ORDER<br><br>[Fed.R.Civ.P. 26(c); L.R. 7-1]<br><br>[Discovery Document: Referred to Magistrate Judge Ralph Zarefsky]<br><br>Action Filed:  April 11, 2011<br>Trial Date:     October 2, 2012 |

[PROPOSED] PROTECTIVE ORDER

615740.
666355.11

# **PROTECTIVE ORDER**

1. Any party to this action may designate as "confidential" any documents, things, discovery responses, trial or deposition testimony, or other material that contains or discloses any of the following:

   a. Police officer personnel information or police officer personnel records; or

   b. Plaintiff Omar Rodriguez's ("Plaintiff's") social security number, home address, telephone number, private financial information, including but not limited to, his pay stubs, wage statements, tax returns, benefits documents, retirement programs, and/or bank account information, or Plaintiff's medical information including but not limited to his, medical records, bills, treatment, and/or medical history.

The term "Confidential Information" as used in this Protective Order shall refer to the original and copies of any so-designated document, testimony, or other discovery material, and shall also refer to the information contained in such material. All notes, extracts and summaries of such Confidential Information shall be considered confidential and be subject to the terms of this Protective Order.

The parties shall mark any documents produced that constitute or contain Confidential Information with a label designating them as "Confidential: Subject to Protective Order."

***GOOD CAUSE STATEMENT***: Good cause exists to treat police officer personnel information and records as "Confidential Information" in this matter in the manner described herein. Such items include information about complaints, investigations, and discipline involving the officers; officers' financial information; details relating to the officers' private lives, including contact information; and

birth dates and social security numbers.  Police officers' jobs require that they frequently testify under oath, and unlimited dissemination of such sensitive information would undermine their ability to effectively testify in legal proceedings.[1]  Importantly, given the unique nature of police officers' jobs, unlimited disclosure of contact information and other personal information in personnel records can also compromise the safety of the officers and their families.

Good cause also exists to treat Plaintiff's social security number, home address, telephone number, private financial information, and medical information as Confidential Information in this matter in the manner described herein.  Plaintiff maintains a reasonable and legitimate interest in safeguarding the privacy of his social security number, financial information, and medical conditions, treatment, and history.  Plaintiff would sustain significant damages if this private information was publicly disclosed or available for review.[2]

2. Absent a specific order of this Court, the parties shall use the Confidential Information solely for the purposes of litigation in this action—*Omar Rodriguez v. City of Burbank, et al.*, United States District Court, Central District, Case No. 11-CV-03045-GW-RZ(X) (the "Action")—and shall not disclose any

---

[1] Indeed, for this reason, California law provides special protection for police officer personnel files and provides that they can only be obtained through specific procedures set out in the California Evidence Code, which include notice to the affected officer(s) and an affidavit showing a specific factual scenario establishing the materiality of the confidential information to the case at hand. *See, e.g., Abatti v. Superior Court*, 112 Cal. App. 4th 39, 49 (2003), *City of Santa Cruz v. Municipal Court*, 49 Cal. 3d 74, 81 (1989), *Davis v. City of Sacramento*, 24 Cal. App. 4th 393, 401 n. 2 (1994), *California Highway Patrol v. Superior Court*, 84 Cal. App. 4th 1010, 1019-1020 (2000).

[2] California law protects the private nature of Plaintiff's anticipated "Confidential" documents. *See, e.g., Webb v. Standard Oil Co.*, 49 Cal.2d 509, 513-514 (protecting tax returns); *Cobb v. Superior Court*, 99 Cal.App.3d 543, 550 (1979) (recognizing a right of privacy exists as to a person's financial affairs); and *John B. v. Superior Court* (2006) 38 Cal.4th 1177, 1198 (constitutional right of privacy applies to medical records).

portion of the Confidential Information to any other person, firm or corporation except:

  a. Counsel of record in this action, and bona fide employees of that counsel's offices, and then only to the extent necessary to enable said persons to assist in litigation of this Action;

  b. Plaintiff, to the extent necessary for the prosecution of this Action;

  c. Non-party experts or other consultants who are not affiliated with a party and who are expressly engaged by counsel to provide expert testimony in this matter or to assist in discovery and/or preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

  d. Potential witnesses whom counsel of record may deem necessary or appropriate to interview and/or depose in this action, but only to the extent necessary for purposes of this litigation;

  e. Court reporters and videographers, to the extent necessary to take or transcribe testimony in this Action;

  f. Such other persons as may be designated by written stipulation of the parties or by further order of the Court; and

  g. The Court, to the extent necessary for a motion or other matter pending before the Court in this Action.

 At no time and under no circumstances may Confidential Information be provided to any person not listed in section 2, subdivisions (a) through (g).  At no time and under no circumstances may Confidential Information be disclosed to counsel, agents or representatives for any party to litigation with the City of Burbank (other than Plaintiff).  This provision does not prevent Plaintiff from showing Confidential Information to potential witnesses – as opposed to their attorneys, agents, and representatives – under section 2(d) above.

Nothing in this Protective Order shall prevent any party from disclosing its own Confidential Information as it deems appropriate.  Such disclosure shall not constitute a waiver of the designation of such Confidential Information as confidential.

3. The parties' counsel alone will retain the Confidential Information.  At no time may a copy of any of the Confidential Information be made for or provided to the persons described in section 2, subdivisions (a) through (g) above except as follows:

a. Burbank will make three numbered copies of any material it designates as Confidential Information.  One of the copies will be for Plaintiff's counsel, Brown White & Newhouse LLP.  The remaining two copies may be provided by Plaintiff's counsel to the custody of two pre-identified, bona fide experts while the case is pending before the trial court.  Plaintiff's counsel will not make any copies of the Confidential Information provided by Burbank unless such copies are agreed to by the parties or ordered by the Court.

b. Plaintiff will make five numbered copies of any material he designates as Confidential Information.  One of the copies will be for Burbank's counsel, Mitchell Silberberg & Knupp LLP; one of the copies will be for Burbank's counsel Burke, Williams & Sorenson, LLP; and one of the copies will be for Burbank's counsel, Senior Assistant City Attorney Carol Humiston.  The remaining two copies may be provided by Burbank's counsel to the custody of two pre-identified, bona fide experts while the case is pending before the trial court.  Burbank's counsel will not make any copies of the Confidential Information provided by Plaintiff unless such copies are agreed to by the parties or ordered by the Court.

   c. Copies of Confidential Information provided to court reporters, videographers and/or the Court pursuant to section 2, subdivisions (e) or (g) above shall be governed by and handled in accordance with sections 6 and 7 below.

   The parties may mark any copies of their own Confidential Information with a watermark identifying such copies as Confidential Information before providing those copies to opposing counsel.

  4. All persons described in section 2, subdivisions (a) through (g) and section 3 above shall not disclose or provide any portion of the Confidential Information to any other person and shall not use any information obtained therefrom except in conformance with this Protective Order and for purposes of litigation in this Action.  Any party who discloses or provides Confidential Information to any person described in section 2, subdivisions (b), (c), (d), (e), or (f) shall advise such person that said matters constitute Confidential Information which may be used only for the litigation of this Action, and shall, prior to disclosure of the Confidential Information, have such person execute a written Understanding and Agreement to be bound by this Protective Order in the form attached hereto as Exhibit 1.  Parties to this Action shall provide copies of executed Understanding and Agreement forms to the opposing party at the following times: (a) at the time of deposition for each witness who is deposed, and each court reporter and videographer thereat; (b) at the designated time of exchange of expert witnesses for all others executed prior to that time; and (c) within five (5) days of execution for any Understanding and Agreement executed after the date in section 4, subdivision (b).

  5. In the event of any disclosure or use of Confidential Information other than in the manner authorized by this Protective Order (or subsequent Court order), counsel for the party responsible for the disclosure or use shall immediately notify counsel of the party who designated the material of the facts and circumstances of

such disclosure or use, including the identity of the unauthorized recipient(s) and the specific material disclosed to such person, and shall make every effort to prevent further unauthorized disclosure or use by, among other things, retrieving all such disclosed material and copies of such material.

6. Testimony given at a deposition and exhibits used at a deposition may be designated as Confidential Information by an appropriate statement on the record at the time of the giving of such testimony or use of such exhibit, or within ten (10) days after receipt of the transcript by the counsel for the party whose Confidential Information was disclosed at the deposition.  Counsel may designate the transcript, or portions of the transcript, as Confidential Information either during the deposition or during the ten (10) day review period by written notification to opposing counsel.  Until expiration of the ten (10) day review period, the entire transcript, including exhibits, shall be deemed Confidential Information.  If there is no statement on the record designating the transcript or any portion of the transcript as Confidential Information, and if no such designation is made prior to expiration of the ten (10) day review period, the transcript shall not be considered Confidential Information.  Any deposition testimony that encompasses or concerns Confidential Information shall be transcribed in a separate booklet that is marked on its cover "Confidential:  Subject to Protective Order."  Any document that contains Confidential Information that is marked as an exhibit at a deposition shall be bound in the separate booklet marked "Confidential:  Subject to Protective Order."  Deposition transcripts containing Confidential Information and bearing this marking shall not be disclosed except as provided in section 2 above.

7. Any documents containing Confidential Information that are submitted to the Court shall be accompanied by an application, pursuant to Local Rule 79-5.1, to file the papers (or the confidential portion thereof) under seal.

1 Pending the ruling on the application, the papers subject to the sealing application
2 shall be lodged under seal.

3     8. If any party objects to the designation of any materials as Confidential
4 Information, that party shall state the objection by letter to counsel for the party
5 making the designation. Each party shall have the right, on reasonable notice, and
6 after meeting and conferring with the designating party in a good faith effort to
7 resolve the matter informally, to apply to the Court for a determination of the issue.
8 Until the Court rules on the motion, the materials shall continue to be treated and
9 designated as Confidential Information.

10     9. Production of the Confidential Information protected by this
11 Protective Order shall not constitute a waiver of any privilege or confidentiality or
12 privacy right. The parties retain the right to assert all substantive objections to the
13 Confidential Information, including but not limited to relevancy, hearsay, privacy,
14 and privilege.

15     10. Within thirty (30) days of the conclusion of this Action, counsel for
16 the parties shall either secure the return of all copies, prints, extracts, summaries,
17 and other reproductions of all Confidential Information from all persons to whom
18 the Confidential Information was disclosed, and shall return such materials to the
19 disclosing party's counsel of record, or destroy such materials and certify the
20 destruction of the same.

21     11. The confidentiality obligations imposed by this Order shall remain in
22 effect until the party who designated the material as confidential agrees otherwise
23 in writing or a court order otherwise directs.

24     12. Nothing in this Protective Order shall be deemed to limit, prejudice,
25 or waive any right of any party or person: (a) to resist or compel discovery with
26 respect to, or to seek to obtain additional or different protection for, material
27 claimed to be protected work product or privileged under federal law, material as
28

1 to which the producing party claims a legal obligation not to disclose, or material
2 not required to be provided pursuant to federal law; (b) to seek to modify or obtain
3 relief from any aspect of this Protective Order; (c) to object to the use, relevance or
4 admissibility at trial or otherwise of any material, whether or not designated in
5 whole or in part as Confidential Information governed by this Protective Order; or
6 (d) otherwise to require that discovery be conducted according to governing laws
7 and rules.
8     13.    This Order shall survive the termination of this litigation and the
9 Action, and the parties agree that after this Action is terminated this Court shall
10 have and retain jurisdiction over them for the purpose of enforcing this Protective
11 Order.
12
13 IT IS HEREBY ORDERED.  However, this order shall not govern in connection
14 with dispositive motions or at trial, where different standards for protection may
15 govern.  *See Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1136
16 (9th Cir. 2003); *Kamakana v. City and Couty of Honolulu*, 447 F.3d 1172 (9th Cir.
17 2006).  In connection with those proceedings, any party seeking protection should
18 file a separate application to the judicial officer who will preside at those
19 proceedings.
20
21 Dated: June 29, 2012                    _____
22                                         Honorable Ralph Zarefsky
                                          United States Magistrate Judge
23
24
25
26
27
28

8
[PROPOSED] PROTECTIVE ORDER
666355.1

# Exhibit 1

## UNDERSTANDING AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, have read the STIPULATED PROTECTIVE ORDER (the "Protective Order") in *Omar Rodriguez v. City of Burbank, et al.*, United States District Court, Central District of California, Case No. CV-11-03045-GW-RZx. I understand and agree to comply with the terms of the Protective Order in all respects, and hereby submit and waive any objection to the jurisdiction of the United States District Court for the Central District of California for purposes of resolving any dispute concerning or related to my compliance with the Protective Order.

I understand that any violation of the terms of this Protective Order may be punishable by money damages, interim or final injunctive or other equitable relief, an imposition of sanctions, contempt of court, or other additional relief as deemed appropriate by the Court.

Date: _____

Signature: _____

Printed Name: _____

Address: _____

_____